JOHN S. BOLLES, Defendant in Error, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 13, 1912.

1. RES ADJUDICATA: Second Appeal. When a case has been once remanded to the circuit court for a new trial and is again tried, in substantial conformity to the ruling made in the appellate court, it will not be again remanded, on a second appeal involving the same questions.

2. TRIAL: Misconduct: Counsel: Rebuke. Argument in reply to statement of opposing counsel, though outside the record, if rebuked by the court and withdrawn from the jury, will not justify a reversal.

3. **DAMAGES: Two Verdicts: Excessive: Remittitur.** . Where two verdicts are for the same amount, and on the last one the trial court required a remittitur of one-third, the judgment will not be reversed for excessive verdict.

Error to Cass Circuit Court.—*Hon. N. M. Bradley,* Judge.

AFFIRMED.

Cyrus Crane and *H. C. Clark* for plaintiff in error.

*Pross T. Cross* for defendant in error.

ELLISON, J.—This action is for damages for being wrongfully ejected from one of defendant's trains upon which plaintiff had entered as a passenger from Lake Charles, Louisiana, to Kansas City, Missouri. The judgment in the trial court was for the plaintiff. The case was in this court on another appeal, when we remanded it for a new trial on account of error in an instruction (134 Mo. App. 696). We refer to that case for a full report of the facts, as it was retried on substantially the same evidence and in conformity to the views of the court there expressed. At the last trial, as at the first, plaintiff showed that he and a companion had been in the State of Louisiana hunting and bought tickets at St. Charles over defendant's road to Kansas City. That immediately on their getting aboard the train the conductor pounced upon plaintiff for his ticket and as he answered that he had it and began looking in his pocketbook for it, the conductor cursed him, told him he did not have any ticket, was a damned hobo, and with plaintiff still protesting he could find the ticket if given time, he pushed him off the slowly moving train, thereby inflicting serious injury. It was shown in the last trial, as at the first, that plaintiff and his companion walked back to the station, where plaintiff

stated to the agent he had been put off and that the agent had not given him his tickets. The agent told him to look in his pocketbook, and on looking again he found both his and his companion's tickets in a part of the pocketbook he had not before, in his confusion, thought to look into. Both took the next train, a few hours afterwards, and came on to Kansas City.

The first objection is to evidence allowed in plaintiff's behalf that he had been a house painter by trade and earned four dollars a day. If this was error, as claimed, it was rendered harmless by the instruction on the measure of damages, which did not include such loss of earnings. We think unquestionably no such harm was done to defendant as to justify a reversal. But aside from this, the same objection was made when the case was formerly here, and this court, feeling that no harm had resulted, refused to reverse or criticise the judgment on that account, though treating it in silence.

Complaint is made of instruction No. 3 for plaintiff. That is the instruction upon which the case was reversed on the other appeal for not limiting the damages, on the hypothesis therein submitted, to compensation only. That was remedied in the present instruction and we therefore regard it as practically having been approved by us. Nor do we discover any error materially affecting the merits of the case, in either of the other instructions.

There is nothing in the course of the second trial, in view of our ruling on the first, which would justify a reversal of the judgment, unless it be the conduct of counsel, which we will now examine. Plaintiff's counsel, in argument to the jury, replying to something which he said defendant's counsel had stated in reference to the first trial and plaintiff's absence at the second trial, used this language: ''I wonder why my friend Clark didn't tell you what that jury thought of the matter. Why didn't he tell you the effect it

had upon that jury with the man to look them in the face." Objection was made to any reference to a former verdict. The court then remarked: "The verdict in that case has nothing to do with this case." The record then states only that "defendant excepted at the time." It is not stated why the exception was taken, or to what. If it was meant that the court should have more directly and pointedly rebuked counsel, it is not so stated. At any rate we think the remark of counsel, followed by defendant's objection and then the statement from the court, left no harmful effect.

Again plaintiff's counsel said: "Gentlemen of the jury, when he speaks of the effort to get this plaintiff here, I ask why he didn't come to me? If he had been as free with their passes to Mr. Bolles as they were to their own men, I tell you now, my friend Clark, the plaintiff would have been here and looked this jury in the face."

By Mr. Clark: "We object to the remarks of counsel, because there is nothing in this testimony to indicate that the plaintiff offered to come if furnished transportation, and no showing has been made as to why the plaintiff was not here. It is not therefore a subject of legitimate comment by counsel at this time."

By the Court: "I think it is proper, in view of the statement made by counsel on the other side."

Defendant excepted at the time.

After ten minutes or more of argument by counsel for plaintiff, the court says: "Mr. Cross, I am inclined to think that the statement made by you a while ago when you said that the plaintiff would have been here, or words to that effect, if the company had furnished, or offered to furnish him transportation, was without the record, and should not be considered by this jury, and I now direct the jury not to consider that statement and to disregard it from your minds in this case."

By Mr. Cross: "Plaintiff will withdraw the remarks."

In view of the fact that the court ruled the statement improper and then directed the jury not to consider it, followed by counsel withdrawing the remarks, we are satisfied no harm resulted, and it would be altogether unjustifiable to reverse the judgment on that account.

On the matter of excessive verdict, we have this to say: It is for fifteen hundred dollars, the same amount as the first verdict; and if we take the evidence in plaintiff's behalf as being true, as we must, it was not excessive, in view of the remittitur of five hundred dollars required by the circuit court.

On the whole record there is no cause for our interference, and hence we affirm the judgment. All concur.